UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:99-MJ-210-BR
No. 5:10-CV-222-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| <u>SHERROD MAIR</u> | ) | |

This matter is before the court on respondent's <u>pro se</u> motion to vacate his commitment under 28 U.S.C. § 2255, filed 25 May 2010.

By order dated 10 September 1998, Sherod Hastings Mair was committed to the custody of the Attorney General by Mark S. Utecht, Military Judge, pursuant to the provisions of 18 U.S.C. § 4243(e), and hospitalized at the Federal Correctional Institution at Butner, North Carolina (FCI Butner). His commitment was transferred to this court, and he was conditionally released on 26 May 1999. His conditional release was revoked upon motion of the government after a hearing on 4 December 2000. He was conditionally released a second time, on 16 July 2002, and that conditional release was revoked upon motion of the government after a hearing on 8 November 2005. The court most recently held a hearing on 2 November 2009, and found that respondent continues to meet the criteria for commitment pursuant to 18 U.S.C. § 4243. Respondent is currently confined at MCFP-Springfield in Springfield, Missouri.

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Other federal district and appellate courts, when examining the question of whether a person civilly committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4241 et seq. may bring a motion under 28 U.S.C. § 2255, have almost universally held that such a person is not a "prisoner in custody under sentence of a court" for the purposes of 28 U.S.C. § 2255 and therefore is not entitled to bring a motion under that statute. See, e.g., United States v. Hicks, 5:99-HC-89-BR, Order of 7/22/03 at 2 (citing several cases), aff'd, No. 03-7295 (4th Cir. July 27, 2004); United States v. Griffin, No. 97-16193, 1999 WL 184558, *5 (9th Cir. Mar. 29, 1999) (unpublished) ("'where the question of mental competency has been determined in a Section 4244 proceeding . . . [,] a Section 2255 collateral attack on the sentence based on the same ground will not ordinarily be permitted.'"). But see Johnson v. Settle, 184 F. Supp. 103, 106 (D. Mo. 1960) (petitioner committed to the custody of the Attorney General under 18 U.S.C. § 4245[1] "is, for all intents and purposes, entitled to seek relief from such confinement within the ambit of 28 U.S.C. § 2255."). In addition, the Fourth Circuit has in other contexts emphasized the distinction between persons under a civil commitment and criminal defendants, see United States v. Baker, 45 F.3d 837, 842-43 (4th Cir. 1995) (while a respondent in a civil commitment hearing is entitled to procedural due process, "the constitutional rights to which a defendant in a criminal trial is entitled do not adhere to a respondent in a commitment hearing") (citing Addington v. Texas, 441 U.S. 418, 428 (1979); United States v. Copley, 935 F.2d 669, 672 (4th Cir.1991)), and this court also notes that it has previously held that such a person is not a "prisoner" as that term is defined in the Prisoner Litigation Reform Act. See Copley v. Reno, No. 5:00-CT-656-BR, EDNC, Order of 4 March 2003 at 5.

For the foregoing reasons, the court concludes that respondent is not entitled to seek relief

---

[1] The court notes that a person committed under 18 U.S.C. § 4245 is a "person serving a sentence of imprisonment[.]"

under 28 U.S.C. § 2255, and it is therefore DISMISSED.

This 17 June 2010.

                                                W. Earl Britt
                                                Senior U.S. District Judge